UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 06-183

CHRIS WILLIAMS AND                          SECTION: "J" (6)
JEREL CLAVO

**ORDER**

Before the Court is the United States' Motion to Quash Defendant's Subpoena as it Relates to All Policies of New Orleans Police Department and the Personnel Records of Certain New Orleans Police Officers. (Doc. 38.) The motion is opposed. (Doc. 41.) For the following reasons the Court finds that the Motion to Quash should be GRANTED.

Under *U.S. v. Nixon*, 418 U.S. 683 (1974), a party seeking production of materials pursuant to Federal Rule of Criminal Procedure 17(c) must show "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay

the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 699-700.

The Court fails to see how the request for "[a]ll policies of the New Orleans Police Department ("NOPD"), including the Operations Manual, concerning the investigation...at a crime scene" (Doc. 33, attach. A) satisfies the first requirement of *Nixon*. The witnesses will be available for questioning as to what steps they took in investigating and preparing the evidence against the defendants. The existence and content of or adherence to department policies is not probative of any relevant fact for determining whether the defendant was in possession of a firearm.

The Court finds that the request for investigations, reprimands, complaints, and personnel files of the arresting officers is nothing more than a fishing expedition, and as such it is unreasonable. Under *Giglio v. United States*, 405 U.S. 150, 154 (1972), the government has an obligation to reveal evidence affecting the credibility of a witness where that witness's reliability may be determinative of guilt or innocence. The Court has no reason to doubt the government's compliance with the teachings of *Giglio*. In addition, attempts to show the intent of the officers to use excessive force would be irrelevant. *See Graham v. Connor*, 490 U.S. 386, 397 (1989).

Accordingly,

**IT IS ORDERED** that the Motion to Quash (Doc. 38) is **GRANTED**.

New Orleans, Louisiana this the 2nd day of October, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE